CARL R. SAMUEL, Bar No. 064941
(*email: crsamuel1941@gmail.com*)
PETER F. SAMUEL, Bar No. 072503
(*email: pfsamuel@samuellaw.com*)
SAMUEL and SAMUEL
5050 Sunrise Boulevard, Suite C-1
Fair Oaks, CA 95628
Telephone:      (916) 966-4722
Facsimile:      (916) 962-2219
(Designated Counsel for Notification)

PATRICIA A. SAVAGE, Bar No. 236235
LABOR LAW OFFFICE,
A Professional Corporation
1600 Humboldt Rd., Suite 3
Chico, CA 95928
Telephone:      (530) 891-8503
Facsimile:      (530) 891-512
Email:          *Psavesq@gmail.com*

Attorneys for Defendant,
HENRY BOSCHMA MARITAL TRUST

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ALVARO RODRIGUEZ, ROGELIO MARQUEZ, and CARMELO ACEVES GARCIA, behalf of themselves and all other similarly situated individuals,<br><br>              Plaintiffs,<br><br>v.<br><br>HARVEY BOSCHMA; TERRY LYNN BOSCHMA; HENRY BOSCHMA MARITAL TRUST; HENRY BOSCHMA MARITAL TRUSTEE; and GRETA BOSCHMA (dba "Boschma & Sons Dairy," "Wasco Dairy" and "Henry Boschma Dairy")<br><br>              Defendants. | Case No.  1:09 CV 02044-LJO-JLT<br><br>DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT |

Defendant Henry Boschma Marital Trust, individually, hereby answers and asserts its affirmative defenses to the unverified Class Action Complaint (the "Complaint") of Plaintiffs Alvaro Rodriguez, Rogelio Marquez, And Carmelo Aceves Garcia ("Plaintiff") as follows:

## I.      INTRODUCTION

1.     DEFENDANTS admit that Plaintiffs have filed a purported class action lawsuit against DEFENDANTS including claims for violation of the Agricultural Workers Protection Act, overtime pay, missed meal and rest periods, unfair competition, California Labor Code Private Attorney General Act Remedies (PAGA) and penalties.  Except as expressly admitted, DEFENDANTS deny all the other allegations contained in Paragraph 1 and alleges that this matter is not suitable for class treatment.

2.     DEFENDANTS deny the other allegations contained in Paragraph 2 and alleges that this matter is not suitable for class treatment and that PLAINTIFFS are not suitable class representatives.

3.     DEFENDANTS admit that PLAINTIFFS seek damages for alleged wage violations on behalf of non-class individuals, but DEFENDANTS deny any such violations and deny that PLAINTIFFS or the alleged non-class members are entitled to any such relief.  Except as expressly admitted, DEFENDANTS deny all the other allegations in Paragraph 3.

## II.      JURISDICTION AND VENUE

4.     DEFENDANTS admit that this Court has jurisdiction covering claims alleged by PLAINTIFFS and that venue is proper in the Easter District, Fresno Division.  Except as expressly admitted, DEFENDANTS deny all other allegations contained in Paragraph 4.

5.     DEFENDANTS admit that this Court has jurisdiction covering claims alleged by PLAINTIFFS and that venue is proper in the Easter District, Fresno Division.  Except as expressly admitted, DEFENDANTS deny all other allegations contained in Paragraph 5.

6.     DEFENDANTS admit that this Court has jurisdiction covering claims alleged by PLAINTIFFS and that venue is proper in the Easter District, Fresno Division.  Except as expressly admitted, DEFENDANTS deny all other allegations contained in Paragraph 6.

7.     DEFENDANTS admit that this Court has jurisdiction covering claims alleged by PLAINTIFFS and that venue is proper in the Easter District, Fresno Division.  Except as expressly admitted, DEFENDANTS deny all other allegations contained in Paragraph 7.

### III.    THE PARTIES

8.     DEFENDANTS admit that Alvaro Rodriguez was formerly employed by DEFENDANTS as a non-exempt agricultural employee and that the Industrial Welfare Commission Wage Orders sets forth the wage and other working conditions of California agricultural workers. DEFENDNATS deny all other allegations contained in Paragraph 8.

9.     DEFENDANTS admit that Manuel Padilla was formerly employed by DEFENDANTS as a non-exempt agricultural employee and that the Industrial Welfare Commission Wage Orders sets forth the wage and other working conditions of California agricultural workers.  DEFENDNATS deny all other allegations contained in Paragraph 8.

10.    DEFENDANTS admit that Carmello Aceves Garcia was formerly employed by DEFENDANTS as a non-exempt agricultural employee and that the Industrial Welfare Commission Wage Orders sets forth the wage and other working conditions of California agricultural workers. DEFENDNATS deny all other allegations contained in Paragraph 8.

11.    DEFENDANTS deny all allegations contained in Paragraph 11.

12.    DEFENDANTS deny all allegations in Paragraph 12 except that Harvey Boschma lives at 9032 Etchart Road, Bakersfield, CA  93314.

13.    DEFENDANTS deny all allegations in Paragraph 12 except that Terry Lynn Boschma lives at 9032 Etchart Road, Bakersfield, CA  93314.

14.    DEFENDANTS deny all allegations in Paragraph 12 except that the trust owns 5% of the Boschma & Sons. Dairy.

15.    Defendants deny all allegations contained in Paragraph 15.

16.    Defendants deny the allegations contained in Paragraph 16 and allege this matter is not suitable for class treatment and further responds to the allegations set forth in Paragraph 16 as follows:

    a.   Defendants deny the allegations in Paragraph 16(a)

    b.   Defendants deny the allegations in Paragraph 16(b)

c.  Defendants deny the allegations in Paragraph 16(c)

d.  Defendants deny the allegations in Paragraph 16(d)

e.  Defendants deny the allegations in Paragraph 16(e

f.  Defendants deny the allegations in Paragraph 16(f

g.  Defendants deny the allegations in Paragraph 16(g

h.  Defendants deny the allegations in Paragraph 16(h

i.  Defendants deny the allegations in Paragraph 16(i)

j.  Defendants deny the allegations in Paragraph 16(j)

k.  Defendants deny the allegations in Paragraph 16(k)

17.     DEFENDANTS deny all allegations contained in Paragraph 17.

18.     DEFENDANTS admit PLAINTIFFS seek remedies as set forth in this Paragraph 18 and allege this matter is not suitable for class treatment.

19.     Defendants admit Plaintiffs seek to recover damages on behalf of a class as well as attorney's fees and costs and deny all other allegations contained in Paragraph and allege that this matter is not suitable for class treatment.

20.     DEFENDANTS deny all allegations contained in Paragraph 20.

21.     DEFENDANTS deny all allegations contained in Paragraph 21.

## IV     CLASS ACTION ALLEGATIONS

22.     DEFENDANTS admit that PLAINTIFFS have filed a purported class action lawsuit against DEFENDANTS.  Except as expressly admitted DEFENDANTS deny all the other allegations contained in Paragraph 22 and allege that this matter is not suitable for class treatment.

23.     Defendants deny all allegations in contained in Paragraph 23.

## A.     NUMEROSITY

24.     DEFENDANTS lack information or knowledge sufficient to form an opinion as to the number of employees PLAINTIFFS seek to join as a class. Except as expressly admitted Defendants deny all other allegations contained in Paragraph 24 and allege this matter is not suitable for class treatment.

25. DEFENDANTS acknowledge that some of the list of individuals were employed by the Dairy at some period of time. . Except as expressly admitted Defendants deny all other allegations contained in Paragraph 25 and allege this matter is not suitable for class treatment.

26. DEFENDANTS deny all allegations contained in Paragraph 26.

27. DEFENDANTS admit that the employment records would provide some confirmation as to the number and purported class location. . Except as expressly admitted Defendants deny all other allegations contained in Paragraph 27 and allege this matter is not suitable for class treatment.

## B.   COMMONALITY

28. DEFENDANTS deny all allegations contained in Paragraph 28 and further respond as to the allegations set forth in Paragraph 28 as follows:

    a. DEFENDANTS deny the allegations contained in Paragraph 28(a) and allege that this matter is not suitable for class treatment.

    b. DEFENDANTS deny the allegations contained in Paragraph 28(b) and allege that this matter is not suitable for class treatment.

    c. DEFENDANTS deny the allegations contained in Paragraph 28(c) and allege that this matter is not suitable for class treatment.

    d. DEFENDANTS deny the allegations contained in Paragraph 28(d) and allege that this matter is not suitable for class treatment.

    e. DEFENDANTS deny the allegations contained in Paragraph 28(e) and allege that this matter is not suitable for class treatment.

    f. DEFENDANTS deny the allegations contained in Paragraph 28(f) and allege that this matter is not suitable for class treatment.

    g. DEFENDANTS deny the allegations contained in Paragraph 28(g) and allege that this matter is not suitable for class treatment.

    h. DEFENDANTS deny the allegations contained in Paragraph 28(h) and allege that this matter is not suitable for class treatment.

    i. DEFENDANTS deny the allegations contained in Paragraph 28(i) and allege that this matter is not suitable for class treatment.

j.   DEFENDANTS deny the allegations contained in Paragraph 28(j) and allege that this matter is not suitable for class treatment.

k.   DEFENDANTS deny the allegations contained in Paragraph 28(k) and allege that this matter is not suitable for class treatment.

l.   DEFENDANTS deny the allegations contained in Paragraph 28(l) and allege that this matter is not suitable for class treatment.

<u>**C.    TYPICALITY**</u>

29.   DEFENDANTS deny all allegations contained in Paragraph 29.

<u>**D.    ADEQUACY OF REPRESENTATION**</u>

30.   DEFENDANTS deny all allegations contained in Paragraph 30.

<u>**E.    SUPERIORITY OF CLASS ACTION**</u>

31.   DEFENDANTS deny all allegations contained in Paragraph 31.

32.   DEFENDANTS deny all allegations contained in Paragraph 32.

<u>**V.    CLAIMS FOR RELIEF**</u>

33.   DEFENDANTS acknowledge PLAINTIFFS seek to allege claims on behalf of a purported class except for the PAGA claims and allege this matter is not suitable for class treatment.

<u>**FIRST CLAIM**</u>

*(Violations of AWPA)*

34.   DEFENDANTS incorporate by reference their responses as to Paragraphs 1-33 as though set forth herein in their entirety.

35.   DEFENDANTS admit that Plaintiff have filed a purported class action lawsuit against DEFENDANTS including claims for violation of the Agricultural Workers Protection Act, overtime pay, missed meal and rest periods, unfair competition, California Labor Code Private Attorney General Act Remedies (PAGA) and penalties.  Except as expressly admitted, DEFENDANTS deny all the other allegations contained in Paragraph 1 and alleges that this matter is not suitable for class treatment.

36.   DEFENDANTS acknowledge PLAINTIFFS correctly cited the statute set forth in Paragraph 36 and allege that their employees, the purported class, are not covered or subject to AWPA.

37.   DEFENDANTS acknowledge PLAINTIFFS correctly cited the statute set forth in Paragraph 36 and allege that their employees, the purported class, are not covered or subject to AWPA.

38.     DEFENDANTS acknowledge PLAINTIFFS correctly cited the statute set forth in Paragraph 36 and allege that their employees, the purported class, are not covered or subject to AWPA.

39.     DEFENDANTS deny all allegations contained in Paragraph 39 and are not subject to AWPA.

40.     DEFENDANTS deny all allegations contained in Paragraph 40.

41.     DEFENDANTS acknowledge that AWPA provides for damages for violation of the Act but alleges DEFENDANTS are not subject to AWPA.

## SECOND CLAIM

*(Violation of Unfair Competition Law for*

*Violating Federal Record Keeping Requirement)*

42.     DEFENDANTS incorporate by reference their responses as to Paragraphs 1-41 as though set forth herein in their entirety.

43.     DEFENDANTS deny all allegations contained in Paragraph 43.

44.     DEFENDANTS deny all allegations contained in Paragraph 44.

45.     DEFENDANTS deny all allegations contained in Paragraph 45.

46.     DEFENDANTS deny all allegations contained in Paragraph 46.

47.     DEFENDANTS deny all allegations contained in Paragraph 47.

48.     DEFENDANTS deny all allegations contained in Paragraph 48.

49.     DEFENDANTS deny all allegations contained in Paragraph 49.

50.     DEFENDANTS deny that PLAINTIFFS have been damaged in any manner and allege that this matter is not suitable for class treatment.

## THIRD CLAIM

*(Failure to Pay California Overtime Compensation)*

51.     DEFENDANTS incorporate by reference their responses as to Paragraphs 1-50 as though set forth herein in their entirety.

52.     DEFENDANTS admit that Plaintiff have filed a purported class action lawsuit against DEFENDANTS including claims for violation of the Agricultural Workers Protection Act, overtime pay, missed meal and rest periods, unfair competition, California Labor Code Private Attorney General

Act Remedies (PAGA) and penalties.  Except as expressly admitted, DEFENDANTS deny all the other allegations contained in Paragraph 1 and alleges that this matter is not suitable for class treatment.

53.     DEFENDANTS admit the allegation contained in Paragraph 53.

54.     DEFENDANTS deny all allegations contained in Paragraph 54.

55.     DEFENDANTS admit the Labor Code Section is cited correctly and except as expressly admitted, deny the allegations contained in Paragraph 55.

56.     DEFENDANTS deny all allegations contained in Paragraph 56.

## FOURTH CLAIM

### *(Failure to Pay Minimum Wage)*

57.     DEFENDANTS incorporate by reference their responses as to Paragraphs 1-56 as though set forth herein in their entirety.

58.     DEFENDANTS deny all allegations contained in Paragraph 58.

59.     DEFENDANTS admit PLAINTIFFS correctly cite the statute in this Paragraph 59.

60.     DEFENDANTS admit PLAINTIFFS correctly cite the statute in this Paragraph 60.

61.     DEFENDANTS admit PLAINTIFFS correctly cite the statute in this Paragraph 61.

62.     DEFENDANTS admit PLAINTIFFS correctly cite the statute in this Paragraph 62.

63.     DEFENDANTS admit PLAINTIFFS correctly cite the statute in this Paragraph 63.

64.     DEFENDANTS deny all allegations contained in Paragraph 64.

65.     DEFENDANTS deny all allegations contained in Paragraph 65.

66.     DEFENDANTS deny all allegations contained in Paragraph 66.

## FIFTH CLAIM

### *(Failure to Provide Rest Periods)*

67.     DEFENDANTS incorporate by reference their responses as to Paragraphs 1-66 as though set forth herein in their entirety.

68.     DEFENDANTS admit PLAINTIFFS correctly cite the statute in this Paragraph 68.

69.     DEFENDANTS deny all allegations contained in Paragraph 69.

70.     DEFENDANTS deny all allegations contained in Paragraph 70.

71.     DEFENDANTS deny all allegations contained in Paragraph 71.

72.     DEFENDANTS deny all allegations contained in Paragraph 72.

73.     DEFENDANTS deny all allegations contained in Paragraph 73.

## SIXTH CLAIM

### *(Failure to Provide Meal Periods)*

74.     DEFENDANTS incorporate by reference their responses as to Paragraphs 1-73 as though set forth herein in their entirety.

75.     DEFENDANTS deny all allegations contained in Paragraph 75.

76.     DEFENDANTS deny all allegations contained in Paragraph 76.

77.     DEFENDANTS admit PLAINTIFFS accurately cite the statute in this Paragraph 77.

78.     DEFENDANTS deny all allegations contained in Paragraph 78.

79.     DEFENDANTS deny all allegations contained in Paragraph 79.

80.     DEFENDANTS deny all allegations contained in Paragraph 80.

81.     DEFENDANTS deny all allegations contained in Paragraph 81.

## SEVENTH CLAIM

### *(Failure to Provide Meal Periods)*

82.     DEFENDANTS incorporate by reference their responses as to Paragraphs 1-81 as though set forth herein in their entirety.

83.     DEFENDANTS admit PLAINTIFFS accurately cite the statute in this Paragraph 83.

84.     DEFENDANTS admit PLAINTIFFS accurately cite the statute in this Paragraph 84.

85.     DEFENDANTS deny all allegations contained in Paragraph 85.

86.     DEFENDANTS deny all allegations contained in Paragraph 86.

87.     DEFENDANTS deny all allegations contained in Paragraph 87.

88.     DEFENDANTS deny all allegations contained in Paragraph 88.

89.     DEFENDANTS deny all allegations contained in Paragraph 89.

90.     DEFENDANTS deny all allegations contained in Paragraph 90.

**EIGHTH CLAIM**

*(Knowing and Unintention Failure to Maintain and*

*Provide Itemized Employee Wage Statement Provisions)*

91.   DEFENDANTS incorporate by reference their responses as to Paragraphs 1-90 as though set forth herein in their entirety.

92.   DEFENDANTS admit PLAINTIFFS accurately cite the statute in this Paragraph 92.

93.   DEFENDANTS deny all allegations contained in Paragraph 93 and further respond to the allegations set forth in Paragraph as follows.

    a.   DEFENDANTS deny the allegations set forth in Paragraph 93(a).

    b.   DEFENDANTS deny the allegations set forth in Paragraph 93(a).

    c.   DEFENDANTS deny the allegations set forth in Paragraph 93(a).

    d.   DEFENDANTS deny the allegations set forth in Paragraph 93(a).

    e.   DEFENDANTS deny the allegations set forth in Paragraph 93(a).

94.   DEFENDANTS admit PLAINTIFFS accurately cite the statute in this Paragraph 94.

95.   DEFENDANTS admit that Labor Code 1174 and Section 7 of the Wage Order require certain records to be maintained.  DEFENDANTS deny all other allegations contained in Paragraph 95.

96.   DEFENDANTS deny all allegations contained in Paragraph 96.

97.   DEFENDANTS deny all allegations contained in Paragraph 97.

**NINTH CLAIM**

*(Unfair and Unlawful Acts in Violation of Unfair Competition Law)*

98.   DEFENDANTS incorporate by reference their responses as to Paragraphs 1-97 as though set forth herein in their entirety.

99.   DEFENDANTS deny all allegations contained in Paragraph 99.

100.   DEFENDANTS deny all allegations contained in Paragraph 100.

101.   DEFENDANTS deny all allegations contained in Paragraph 101.

102.   DEFENDANTS deny all allegations contained in Paragraph 102.

103.   DEFENDANTS deny all allegations contained in Paragraph 103.

104.   DEFENDANTS deny all allegations contained in Paragraph 104.

105.   DEFENDANTS deny all allegations contained in Paragraph 105.

106.    DEFENDANTS deny all allegations contained in Paragraph 106.

## TENTH CLAIM

*(Violations of the California Labor Code Private Attorney General Act)*

107.    DEFENDANTS incorporate by reference their responses as to Paragraphs 1-106 as though set forth herein in their entirety.

108.    DEFENDANTS admit PLAINTIFFS seek to include the claims set forth in their Complaint pursuant to the statute cited in Paragraph 108 and deny all allegations not expressly admitted in Paragraph 108 and allege this matter is not suitable for class treatment.

109.    DEFENDANTS deny PLEAINTIFFS or any other employees of DEFENDANTS are or have been aggrieved or that DEFENDANST have violated any labor laws.

110.    DEFENDANTS admit PLAINTIFFS seek penalties for the State and current and former employees for alleged violations of the Labor Code and other such penalties as set forth in Paragraph 110 and deny and other allegations contained in Paragraph 110.

111.    DEFENDANTS admit PLAINTIFFS seek various penalties provided by the Labor Code but deny all other allegations contained in Paragraph 111 or that PLAINTIFFS are entitled to such penalties.

112.    DEFENDANTS acknowledge the case cited in Paragraph 112 and deny all other allegations contained in Paragraph 112.

113.    DEFENDANTS deny all allegations contained in Paragraph 113.

114.    DEFENDANTS lack knowledge or information sufficient to form an opinion as to PLAINTIFFS intentions to bring claims under provisions of the Labor Code for alleged violations by DEFENDANTS and deny all other allegations of PARAGRAPH 114.

115.    DEFENDANTS admit PLAINTIFFS accurately cite the statute in this Paragraph 115.

116.    DEFENDANTS acknowledge that PLAINTIFFS citations in this Paragraph 116 are accurate and deny all other allegations contained in Paragraph 116.

117.    DEFENDANTS deny all allegations contained in Paragraph 117.

# VI.  AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, DEFENDANTS allege the following defenses.    In asserting these defenses, DEFENDANTS do not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.  As a separate and distinct affirmative defense, DEFENDANTS allege that the Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Class Action – Certification Prerequisites)

2.  As a separate and distinct affirmative defense, DEFENDANTS allege that Plaintiffs cannot satisfy the prerequisites for class certification and therefore cannot represent the interest of others.

## THIRD AFFIRMATIVE DEFENSE

### (Class Action - Standing)

3.  As a separate and distinct affirmative defense, DEFENDANTS allege that Plaintiffs lack standing to assert the legal rights or interests of others.

## FOURTH AFFIRMATIVE DEFENSE

### (Class Action – Lack of Predominance)

4.  As a separate and distinct affirmative defense, DEFENDANTS allege that the types of claims alleged by Plaintiffs on behalf of themselves and/or the alleged putative group they purport to represent are matters in which individual questions predominate and this are not for class treatment.

## FIFTH AFFIRMATIVE DEFENSE

### (Class Action – Lack of Numerosity)

5.  As a separate and distinct affirmative defense, DEFENDANTS allege that the alleged putative group that Plaintiffs could represent is not so numerous that joinder is impossible.

## SIXTH AFFIRMATIVE DEFENSE

### (Class Action – Lack of Commonality)

6.  As a separate and distinct affirmative defense, DEFENDANTS allege that Plaintiffs are not similarly situated to other potential members of the alleged putative group they purport to represent and thus are an inadequate representative of the alleged putative group.

## SEVENTH AFFIRMATIVE DEFENSE

### (Class Action – Lack of Typicality)

7.  As a separate and distinct affirmative defense, DEFENDANTS allege that certain of the interests of the alleged putative group are in conflict with the interests o all or certain subgroups of the members of the putative group.

## EIGHTH AFFIRMATIVE DEFENSE

### (Class Action – Lack of Representation)

8.  As a separate and distinct affirmative defense, DEFENDANTS allege that Plaintiffs are not similarly situated to other potential members of the alleged putative group they purport to represent and thus they are an inadequate representative of the alleged putative group.

## NINTH AFFIRMATIVE DEFENSE

### (Class Action – Lack of Superiority)

9.  As a separate and distinct affirmative defense, DEFENDANTS allege that Plaintiffs have not shown and cannot show that class treatment of the purported causes of action in the Complaint is superior to other methods of adjudicating the controversy.

## TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs and the putative class members consented to, encouraged, or voluntarily participated in all actions taken, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that any unlawful or other wrongful acts of any person(s) employed by Defendant was outside of the scope of his or her authority

and such act(s), if any, were not authorized, ratified, or condoned by Defendant, nor did Defendant know or have reason to be aware of such alleged conduct.

## TWELVTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that any loss or damage sustained by Plaintiffs and the putative class members, if any, were caused by the acts or omissions of Plaintiffs and the putative class, or persons other than Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each purported claim contained therein, is barred to the extent that Plaintiffs and the putative class members, by their acts, conduct and omissions, expressly or impliedly waived whatever rights they may have had against Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the conduct of Defendant as alleged in the Complaint was justified and privileged under the circumstances.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that there is no private right of action for an employee to recover damages or penalties under California Labor Code section 226.7.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that any failure of Plaintiff and the putative class members to take meal periods and/or rest breaks was the result of their exercise of discretion and independent judgment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that each purported cause of action in the Complaint, or some of the causes of action, are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the claims alleged by the Plaintiffs are barred because, without admitting that Defendant owed any duties or obligations to Plaintiffs and the putative class members, such duties or obligations have been fully performed, satisfied or discharged.

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to properly state a claim for penalties under California Labor Code section 203 because there is a bona fide, good faith dispute with respect to Defendant's obligation to pay any wages that may be found to be due.

### TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs failed to state facts sufficient to constitute a claim for waiting time penalties under California Labor Code section 203 to the extent that any person claiming such penalties did not resign or was not discharged prior to the filing of this action, or was still employed at the time this action was filed.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because the principles of fairness and equity operate to bar the imposition of penalties under California Labor Code sections 203, 226, and 226.7.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation

took place, Defendant alleges that any violation of the California Labor Code or of a Wage Order of the Industrial Welfare Commission was an act or omission made in good faith, and that in any participation in such acts, Defendant had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code or any Wage Order of the Industrial Welfare Commission.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that assuming, *arguendo,* that Plaintiffs and the putative class members are entitled to additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiffs and the putative class members, to justify any awards of penalties or fees.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that there must be excluded from the calculation of any waiting time wages which may be found owed to Plaintiffs and the putative class members (which Defendant denies), those aspects of the employees' compensation that are excluded from the regular rate of pay.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred because Plaintiffs failed to timely and completely exhaust the requisite administrative, statutory, and/or contractual remedies available to her prior to commencing this action.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that its business actions or practices were not unfair, unlawful, fraudulent or deceptive within the meaning of California Business and Professions Code section 17200, *et seq.*

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges -that Plaintiffs are barred from obtaining relief pursuant to their causes of action for violation of California Business and Professions Code section 17200, *et seq.* because California law does not permit representative actions where

liability can only be determined through fact-intensive individualized assessments of alleged wage and hour violations.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs are barred from obtaining relief pursuant to their causes of action for violation of California Business and Professions Code section 17200, *et seq.* to the extent Plaintiffs cannot act as private attorney generals.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the prayer for restitution pursuant to Business and Professions Code section 17200, *et seq.* is barred with respect to penalties of any nature.

### THIRTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs lack standing to bring their claims as to all or a portion of the claims alleged in the Complaint.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that this suit may not be properly maintained as a class action because: (1) Plaintiffs have failed to plead, and cannot establish the necessary procedural elements for, class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (3) common issues of fact or law do not predominate; to the contrary, individual issues predominate; (4) Plaintiffs' claims are not representative or typical of the claims of the putative class; (5) Plaintiffs are not proper class representatives; (6) the named plaintiffs and alleged putative class counsel are not adequate representatives for the alleged putative class; (7) Plaintiffs cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiffs and the members of the alleged putative class; (9) the alleged putative class is not ascertainable, nor are its members identifiable; and (10) to the extent that the alleged putative class is ascertainable and its

members are identifiable, the number of putative class members is too small to meet the numerosity requirement for a class action.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth herein against each and every member of the certified class.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the adjudication of the claims of the putative class through generalized class wide proof violates Defendant's rights to trial by jury guaranteed by the United States and California Constitutions.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that, to the extent that Plaintiffs seek statutory or other penalties, such claim must comport with the due process requirements of *State Farm* v. *Campbell,* 538 U.S. 408 (2003).

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to properly state facts sufficient to entitle Plaintiffs or putative class members to any relief, including, but not limited to, its failure to properly state facts sufficient to identify any actual or threatened harm to them beyond pure speculation, its failure to allege facts showing that Plaintiffs and the putative class members have no adequate remedy at law, and its proposal of relief that would impose an undue burden on both Defendant and the Court and be so uncertain as to be wholly unenforceable.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action in the Complaint, or some of them, are barred because the Wage Orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States and California Constitutions to, among other things, due process of law.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the prayer for restitution, declaratory relief, and injunctive relief is barred with respect to any and all alleged violations of California Business and Professions Code section 17200, *et seq.* that have discontinued, ceased, and are not likely to recur.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to properly state a claim for recovery of consequential damages based upon wages or benefits due and owing, restitution, disgorgement, constructive trust, or any other basis.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to properly state a claim for attorney's fees under California Labor Code sections 226 or California Business and Professions Code section 17200, *et seq.,* or any other basis.

### FOURTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to properly state a claim upon which punitive damages and/or liquidated damages may be awarded.

### FOURTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to properly state a claim for declaratory relief.

### FOURTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to properly state a claim for injunctive relief.

### FOURTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that to the extent Plaintiffs and the putative class members recover penalties in this action, they cannot recover punitive damages.

### FOURTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs and the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

### FOURTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### FOURTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges on information and belief that the Plaintiffs' action are or may be barred and/or relief is or may be limited due to after acquired evidence of Plaintiffs' on-the-job and employment-related misconduct.

### FOURTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant do not employ migratory workers, nor have they employed migratory workers at any time during the relevant time period encompassing the claims as set forth in this Complaint.

### FOURTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant's business, a dairy, is not seasonal as milk production is a continuous operation, and operates year round, and therefore does not depend upon the seasons.

### FOURTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant's employees are never absent overnight from their place of residence in any manner related to their employment at Defendant's dairy, nor do Defendants provide housing for their employees.

### FIFTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant states that it does not presently know all facts concerning the conduct of Plaintiffs and their claims sufficient to state all affirmative defenses

at this time. Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.


Dated: July 30,  2010


                              By:     /S/ PATRICIA A. SAVAGE
                                      Patricia A. Savage
                                      Attorney for Defendant
                                      HENRY BOSCHMA MARITAL TRUST