IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO RODRIGUEZ, MANUEL PADILLA, and CARMELO ACEVES GARCIA, on behalf of themselves and all other similarly situated individuals,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>HARVEY BOSCHMA; TERRY LYNNE BOSCHMA; HENRY BOSCHMA MARITAL TRUST,<br><br>　　　　　Defendants. | Case No.: 1:09-cv-02044 LJO JLT<br><br>ORDER GRANTING MOTION OF LABOR LAW OFFICE, APC TO WITHDRAW AS ATTORNEYS OF RECORD<br><br>(Doc. 38) |

On April 13, 2011, Michael L. Carver, on behalf of Labor Law Office, A.P.C. and all lawyers associated with that firm, moved to withdraw as counsel of the Henry Boschma Marital Trust ("the Trust"). (Doc. 38). For the reasons set forth below, the motion to withdraw as attorneys of record is **GRANTED**.

## I. Factual and Procedural History

Plaintiffs Alvaro Rodriguez, Manuel Padilla, and Camelo Aceves Garcia ("Plaintiffs") initiated this action on November 20, 2009. (Docs. 1-2). Harvey Boschma, Terry Lynne Boschma and the Trust (collectively, "Defendants") were served on April 11, 2011. (Docs. 10-12), and filed their answers on July 30, 2010 (Docs. 19-20). When the answer was filed, Carl Samuel and Peter Samuel of the law firm, Samuel and Samuel, and Patricia Savage of the Labor Law Office, were

identified as the attorneys of record for the Trust. (Doc. 19) Attorneys Peter Samuel and Carl Samuel filed notices of appearances of counsel on October 4 and 5, 2010, respectively. (Doc. 26, 27) On September 10, 2010, Michael L. Carver of the Labor Law Office, filed a notice of appearance for the Trust. (Doc. 22).

On December 1, 2010, the Court granted the substitution of attorneys for defendants Harvey and Terry Boschma who had been proceeding as self-represented litigants. (Doc. 29) This order added Samuel & Samuel as their attorneys of record. *Id*.

At a mid-discovery status conference on March 3, 2011, the parties reported they were working on settlement. (Doc. 35). Settlement discussions were ongoing on April 8, 2011, when Michael Carver "determined that a conflict of interest existed between the interests of Henry Boschma, his wife, Defendant Terry Lynne Boschma and the Trust." (Doc. 38 at 3). Defendants did not waive conflicts "between each of the Defendants and Labor Law Office, A.P.C." though they have done so as to the law firm of Samuel and Samuel.[1] (Doc. 38 at 3).

## II.  Legal Standard

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of the United States District Court, Eastern District of California. *See* LR 182. The withdrawal of representation is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry out employment effectively." Cal. R.P.C. 3-700(C)(1)(d). Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

*Id.* Likewise, California's Rules require the notice of motion and declaration to be served on the client and other parties who have appeared in the case. CRC 3.1362(d).

The decision to grant withdrawal is within the discretion of the Court, and leave "may be granted subject to such appropriate conditions as the Court deems fit." LR 182; *see also*

---

[1] In their notice of non-opposition to this current motion, Peter Samuel reports that the matter has been settled subject to the approval of the Court. (Doc. 41)

*Canandaigua Wine Co., Inc. v. Moldauer*, 2009 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court"). Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to the other litigants, (3) harm caused to the administration of justice; and (4) delay to the resolution of the case caused by withdrawal. *Canandaigua Wine Co.*, 2009 U.S. Dist. LEXIS 4238, at *4.

### III. Discussion and Analysis

Carver has served the notice and motion to withdraw upon all parties in this action, and notified Defendants' counsel of his intent, and that of the entire Labor Law Offices, APC, firm to withdraw prior to the making the motion (Doc. 38 at 5). In addition, in his declaration, Carver states that he served the Trust via their counsel in this action (Samuel & Samuel) as well as the trustee Greta Boschma via the trust counsel, Bonnie F. Emadi. *Id.* Further, the declaration indicates Carver has served all parties, including the Trust, with the documents required by the California Rules.

According to Carver, attorneys with Labor Law Office, APC are unable to continue their representation of the Trust due to information obtained during settlement discussions which revealed that the interests of the parties are in conflict. (Doc. 38 at 5).

On May 6, 2011, Defendants filed a Notice of Non-Opposition the motion by Labor Law Office, APC to withdraw as counsel. (Doc. 41). In the Notice, Defendants informed the Court that a conditional settlement has been reached between the parties to the action. *Id* at 1. Therefore, any delay in the resolution of this case would be minimal, and any harm to the Trust has been mitigated because the Trust remains represented by Samuel & Samuel.

### IV. Conclusion and Order

Michael Carver followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion for Labor Law Office, APC to withdraw its representation of the Trust, and set forth sufficient reasons for the withdrawal. Therefore, the Court is acting within its discretion to grant the motion to withdraw. *See* LR 182.

Accordingly, **IT IS HEREBY ORDERED**:

1. The amended motion to withdraw is **GRANTED**; and
2. The Clerk's Office **SHALL TERMINATE** Patricia Anne Savage and Michael Lee Carver with the Labor Law Office as "Attorneys to be Noticed" for Defendant Henry Boschma Marital Trust in the Court docket.

IT IS SO ORDERED.

Dated:   **May 11, 2011**                                                          /s/ Jennifer L. Thurston
                                                                                           UNITED STATES MAGISTRATE JUDGE