UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(Fresno Division)

| | |
|---|---|
| ALVARO RODRIGUEZ, MANUEL PADILLA, and CARMELO ACEVES GARCIA, on behalf of themselves and all other similarly situated individuals,<br><br>PLAINTIFFS<br><br>vs.<br><br>HARVEY BOSCHMA; TERRY LYNN BOSCHMA; HENRY BOSCHMA MARITAL TRUST (sole beneficiary GRETA BOSCHMA) (dba "Boschma & Sons Dairy," "Wasco Dairy," and "Henry Boschma Dairy")<br><br>DEFENDANTS. | Case No. **1:09-cv-02044-LJO-JLT**<br><br>**ORDER AND JUDGMENT**<br><br>(1) CONFIRMING CERTIFICATION OF SETTLEMENT CLASS;<br><br>(2) GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT;<br><br>(3) APPROVING CLASS REPRESENTATIVES INCENTIVE PAYMENTS;<br><br>(4) APPROVING CLASS COUNSEL FEES AND COSTS;<br><br>(5) APPROVING SETTLEMENT ADMINISTRATOR FEES;<br><br>(6) APPROVING PAYMENT OF PAGA PENALITES<br><br>(7) ENTERING FINAL JUDGMENT |

On September 22, 2011 a hearing was held on the motion by Plaintiffs and class representatives Alvaro Rodriguez, Manuel Padilla, and Carmelo Aceves ("Plaintiffs"), for Final Certification of a settlement class in this action, Final Approval of the parties' proposed settlement, approval of Class Representative incentive payments, approval of attorney's fees and costs, approving settlement administrator's fees, and ordering judgment in the case. Stan S. Mallison appeared from Mallison & Martinez on behalf of Plaintiffs. Defendants did not appear. No objectors appeared at the time of the hearing.

The Court having read and considered the papers on the motion, the arguments of counsel, and the law, and good cause appearing therefore,

IT IS ORDERED:

1. The Court has jurisdiction over this action and the parties' proposed settlement under 28 U.S.C. sections 1331 and 1367, as plaintiffs' original complaint was brought under the Agricultural Workers Protection Act, 29 U.S.C. § 1801 et seq.; and related California wage-and-hour law; the Court has original jurisdiction over plaintiffs' federal law claims; and the Court has supplemental jurisdiction over plaintiffs' state-law claims because they arise from the same alleged transactions and occurrences as do plaintiffs' federal-law claims.

2. For the reasons stated in the Order Granting Preliminary Approval, the Court finds that the action meets all the requirements for class certification, and it is hereby ordered that the Settlement Class is finally approved and certified as a class for purposes of settlement of this action.

3. The parties' Settlement Agreement (the "Settlement") (attached as Ex. 1 to Declaration of Stan S. Mallison in Support of Motion for Preliminary Approval of Settlement) is granted as it meets the criteria for final settlement approval. The Settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly.

4. The parties' Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, Hearing Date for Final Court Approval ("Class Notice"), and proposed forms of Claim Form and Election Not to Participate in Settlement (collectively the "Class Notice Packet") were sufficient to inform Class Members of the terms of the Settlement; their rights under the Settlement; their rights to object to the settlement; their right to receive a Settlement Share or elect not to participate in the Settlement; the processes for receiving a Settlement Share, electing not to participate in the Settlement or Objecting to the Settlement; and the date and location of the final approval hearing. Therefore, the Court finds and determines that the parties' notice procedures were completed and were constitutionally sound, because individual notices were mailed to all class members whose identities are known to the parties, and such notice was the best notice practicable.

5. The following class of persons are certified as the Class in this action solely for the purposes of the Settlement: former Dairy employees who worked between November 17, 2005 to April 14, 2011.

6. All Class Members who submitted a timely and valid Claim Form pursuant to the settlement agreement will receive a Settlement Share.

7. Class Members were provided with the opportunity to comment on, or object to, the Settlement, as well as to elect not to participate in the Settlement. No Class Members filed written objections to the Settlement as part of the parties' notice procedures nor stated intent to appear at the final approval hearing.

8. Simpluris Inc. is awarded $14,500 for their services as Settlement Administrator, pursuant to the terms set forth in the Settlement.

9. Class Representatives Alvaro Rodriguez, Manuel Padilla, and Carmelo Aceves are awarded $5000 each as incentive payments pursuant to the terms set forth in the settlement.

10. Class Counsel, Mallison & Martinez, are awarded 331/3% of the gross recovery in attorneys fees (estimated to be $85,552) and $6610.67 in costs for their work and costs incurred in prosecuting this case.

11. The California Labor Code Private Attorney General Act payment of $3750 to the State of California is approved.

12. By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

13. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and this order.

14. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

IT IS SO ORDERED.

Dated:   **October 6, 2011**                    **/s/ Lawrence J. O'Neill**
                                                                              UNITED STATES DISTRICT JUDGE